## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRANCE KLONTAY NANCE**                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 26-96-BAJ-RLB**

**UNITED STATES DEPARTMENT OF
DEFENSE (DOD), ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to its recommendations, proposed findings of fact, and conclusions of law. Failure to file written objections to the recommendations, proposed findings, and conclusions, within fourteen (14) days after being served, will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 25, 2026.

_____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRANCE KLONTAY NANCE                          CIVIL ACTION

VERSUS                                                          NO. 26-96-BAJ-RLB

UNITED STATES DEPARTMENT OF
DEFENSE (DOD), ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 20, 2026, Plaintiff filed, *pro se*, a complaint (the "Complaint") in this Court, bringing U.S. Constitution, Administrative Procedure Act, Privacy Act, ultra vires, mandamus, and civil conspiracy claims against many private and government defendants[1] ("Defendants") on behalf of himself, Targeted Justice, Inc., Cosmic Clarity Connections LLC ("CCC"), and Cathy Meadows ("Plaintiffs"). (R. Doc. 1). He alleged "Defendants, acting individually and in concert, engaged in unlawful surveillance, experimentation, and targeting activities against Plaintiffs, causing physical, psychological, economic, and constitutional injuries." (*Id.,* at 2). Plaintiff did not sign the Complaint and noted Defendants were "included based on explicit reference in RF frequency analysis, telemetry band allocation research, or documented operational relevance within Exhibit A[ (the "Report"), and that their inclusion did] not assert liability but preserve[d] jurisdictional and

---

[1] The listed defendants are the U.S. Department of Defense, U.S. Air Force, United States Army, United States Navy, United States Space Force, Defense Advanced Research Projects Agency, NASA, NSA, Department of Homeland Security, Federal Communications Commission, North Atlantic Treaty Organization, National Nuclear Security Administration, Jet Propulsion Laboratory, Los Alamos National Laboratory, Sandia National Laboratories, Oak Ridge National Laboratory, MIT Lincoln Laboratory, Johns Hopkins Applied Physics Laboratory, Georgia Tech Research Institute, MITRE Corporation, Caltech, University-based RF research programs (various), Keysight Technologies, Honeywell International, LSHarris Technologies, Lockheed Martin, Raytheon Technologies, Northrop Grumman, Boeing, General Dynamics, BAE Systems, Thales Group, IBM, Dell Technologies, Motorola Solutions, Tail Communic-ations, BK Technologies, American Radio Relay League, L-com, Yaesu, Kenwood, University Amateur Radio & Engineering Programs, Public Safety & Infrastructure Licensees (FCC Part 90), River West, L.P., River West Medical Center, Community Health Systems, Inc., Community LP Corp., Shiloh Health Services, Inc., AATC, Health Care Property Investors, Inc., Ochsner Health System, Louisiana Department of Health, Centers for Medicare & Medicaid Services / Medicare & Medicaid Programs, National Provider Identifier Registry, Accord Rehabilitation Hospital, CareSouth Medical and Dental, Iberville Parish Government, Paul Ramsay, Robert E. Galloway, Jim Cheek, Bryan Bogle, and Charles J. Fulner. (R. Docs. 1; 1-3; 1-4).

discovery scope." (*Id.,* at 5). The Report, created by Jesse Beltran of CCC on October 25, 2025, detailed a service conducted for Plaintiff where radio frequency detectors were used to measure radio frequencies near different parts of his body. (R. Doc. 1-1). The Report listed the names of many private businesses and government agencies, which are now the Defendants in this case, as potential causes of the radio frequencies, providing no reasoning for why this was believed to be the case other than to note the frequency level detected. (*Id.*).

On February 5, 2026, this Court ordered Plaintiff to appear for a *Spears* hearing:

> [A] hearing [shall] be held in this case pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on **March 4, 2026 at 10:00 a.m.** at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom Number 6, Baton Rouge, Louisiana, to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . . Plaintiff is advised that failure to appear may result in the dismissal of this action.

(R. Doc. 5). Despite being mailed proper notice on February 6, 2026, Plaintiff failed to appear for the March 4, 2026 *Spears* hearing before the undersigned. (R. Docs. 6; 7). On March 11, 2026—a week after the hearing—Plaintiff emailed this Court asking that the hearing be reset. Although Plaintiff failed to attend the previously scheduled *Spears* hearing and did not notify the Court until a week after the scheduled hearing, Plaintiff was afforded the opportunity to attend a rescheduled hearing.

That hearing was set for March 25, 2026 at 10:00 a.m. Plaintiff was again specifically advised that failure to appear may result in the dismissal of this action. Despite being mailed proper notice, Plaintiff once again failed to appear. Plaintiff has now failed to comply with two orders of this Court.

Both *Spears* and Rule 16 of the Federal Rules of Civil Procedure allow the Court to order parties to appear for various pretrial hearings or conferences. Failure to appear or obey a pretrial order provides for any sanctions available by Rule 37(b)(2)(A)(ii)-(vii). See FRCP 16(f)(1). Rule 37 specifically allows dismissal of an action. Plaintiff has now failed to comply with two pretrial orders. Plaintiff was put on notice that failure to comply could result in dismissal of this action. The undersigned has considered all other available sanctions and finds that dismissal of this matter is appropriate for failure to comply with Court orders.

In addition to dismissal for failure to comply with Court orders, it is recommended that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). District courts must construe *pro se* IFP complaints liberally; yet, even the most liberally construed IFP complaint may be dismissed, regardless of service, if the court determines the case is frivolous. *See* 28 U.S.C. § 1915(e); *see also Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). IFP claims are properly dismissed as frivolous if they lack an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Here, Plaintiff is claiming that over 40 Defendants are surveilling him by means of radio frequencies coming off of his body.

It is first noted that Plaintiff is not an attorney admitted to practice law in this district. Accordingly, to the extent he purports to bring claims on behalf of Targeted Justice, Inc., CCC, and Cathy Meadows, those claims should be dismissed as he lacks the capacity to represent them in this matter.

Plaintiff's personal claims against Defendants are otherwise conclusory and lack any basis in fact. Although he asserts that the defendants are "engaged in unlawful surveillance, experimentation, and targeting activities" against him, he provides no support for such claims. Presumably, Plaintiff's claims are based on the Frequency Detection Report included with his complaint. (R. Doc. 1-1). This report is specifically limited to the detection of frequencies around the Plaintiff (and any environment where the Plaintiff is located) and an unsubstantiated reference to "potential" operators using those frequencies. The existence of radio frequencies in and of itself means nothing. Quite simply, RF waves are everywhere from Wifi and cellular signals, Bluetooth connections, radio station transmissions, and also naturally occur in nature. Indeed, Plaintiff specifically states that the inclusion of these entities "does **not** assert liability" but is merely to preserve jurisdiction and discovery scope. (R. Doc. 1 at 5). Put another way, Plaintiff is acknowledging that he is not making a claim of liability and instead appears to acknowledge that he is on a fishing expedition. Finally, the Frequency Detection Report recommends "imaging and corroborative methodologies" and further "evaluation to determine origin." (R. Doc. 1-1 at 10). Plaintiff has provided no allegations or evidence that he has undertaken any other testing or evaluations. The report seems to acknowledge that it has no ability to source any of the frequencies detected and makes no finding that plaintiff's person has been compromised in any way.

The Complaint fails to state a claim. Plaintiff has been given multiple opportunities to appear in Court and explain his cause(s) of action. He has failed to do so. Based on the foregoing,

**IT IS RECOMMENDED** that this matter be **DISMISSED** for failure to comply with Court Orders as well as dismissed as frivolous under 28 U.S.C. § 1915(e).

Signed in Baton Rouge, Louisiana, on March 25, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**